

109 South Warren Street
Suite 306
Syracuse, NY 13202
P: (315) 422-1333
F: (315) 671-5013
www.schwabgasparini.com

**James A. Resila Esq.**
**Direct Dial: (518) 591-4664**
**jresila@schwabgasparini.com**

March 17, 2019

*Via ECF*
Hon. Vincent L. Briccetti, USDJ
United States District Court
Southern District of New York

> Re: ***Rory Brown, et. al v. Chief Fire Prevention & Mechanical Corp., et al,***
> **Civil Action No.: 7:22-cv-03359(VB)**
> **Motion for FLSA Settlement Approval**

Dear Judge Briccetti:

    We represent Plaintiffs Roshane Powell, Romario Powell, Andrew Morgan, Mickel Kelly, Reynard Morris, Garey Mills, Garrick Robinson, Mario Teape and Craig Lynch (the "Plaintiffs") in the above-referenced action brought under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York State Human Rights Law ("NYSHRL") against Defendants Chief Fire Prevention & Mechanical Corp. ("Chief Fire") and Frank Mitarotonda ("Mr. Mitarotonda," and together with Chief Fire, the "Defendants") (the "Action"). Collectively, the Plaintiffs and the Defendants are referred to herein as the "Parties."

    As the Court is aware, on January 19, 2023, the Parties reached a settlement in principle following lengthy negotiations, which they have now reduced to a formal written agreement ("Agreement"), attached hereto as **Exhibit A**. We write now, on behalf of all Parties, to explain the terms of the settlement with respect to Plaintiffs' FLSA claims and to ask that the Court: (1) approve of the FLSA settlement,[1] in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and (2) dismiss the Action with prejudice pursuant to Rule 41(a)(2).

> **I.      Procedural History and Settlement Agreement Terms**

---

[1] Plaintiffs also bring claims in this case for Defendants' alleged violations of the New York Labor Law ("NYLL"), which while resolved as part of the parties' Agreements, do not require court approval for dismissal under *Cheeks*. *See, e.g., Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018); *Feliz v. Parkoff Operating Corp.*, 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018).

On April 26, 2022, Rory Brown[2] and nine other individuals initiated this Action seeking relief for Defendants' alleged violations of, *inter alia*, the overtime provisions of the FLSA and the anti-discrimination provisions of the NYSHRL. [Doc 1]. In the Complaint, Plaintiffs alleged that Defendants failed to pay them overtime wages, minimum wages, and spread of hours premiums, and that they suffered emotional distress as a result of the hostile work environment discrimination; Defendants deny the allegations.

On January 19, 2023, the Parties attended an all-day mediation, and reached an agreement in principle for the total amount of $85,500 ("Settlement Sum"), exclusively in satisfaction of the individual claims of all of the named Plaintiffs except the lead Plaintiff, Rory Brown, who, by stipulation of all parties, which was so-ordered by this Court on February 2, 2023 [Doc 41], voluntarily dismissed his claim without prejudice. As such, Mr. Brown is not included in this settlement and he is not receiving a settlement of any kind. Other than Mr. Brown, all of the Plaintiffs were present and participated in the mediation and each of them approved of the material terms set forth in the Agreement.

The Settlement Sum is to be distributed as follows: fourteen percent (14%) of the Settlement Sum to Plaintiffs' counsel pursuant to an agreement with is clients, and the remaining amount will be distributed equally to Plaintiffs.

The Settlement Sum will be paid within sixty (60) days of the Court's approval of the settlement as fair and reasonable under *Cheeks*. In the event of non-payment, after notice and an opportunity to cure, Defendants agree that Plaintiffs may apply to the Court, which will retain jurisdiction to enforce the Agreement, for the entry of judgment in the amount of any unpaid balance, plus attorneys' fees and costs.

Regarding Plaintiffs' counsel's fees and costs, counsel seeks approval of the total amount of Twelve Thousand Dollars and Zero Cents ($12,000.00), representing out-of-pocket litigation expenses of One Thousand Dollars and Zero Cents ($1,000.00), and 14.2% of the *net* Settlement Sum after deducting expenses, amounting to $11,000.00. The remaining Seventy-Three Thousand Five Hundred Dollars and Zero Cents ($73,500.00) will be distributed among the Plaintiffs in equal shares of $8,166.67 each. More specifically, the Plaintiffs' portion of the Settlement Sum will be paid as follows:

| Plaintiff | Amount Attributed to FLSA Portion | Amount Attributed to NYSHRL Portion | Total Gross Settlement |
|---|---|---|---|
| | | | |

---

[2] Rory Brown has been voluntarily dismissed from this case. [Doc. 41].

| | | | |
|---|---|---|---|
| Roshane Powell | $5,000.00 | $3,166.67 | $8,166.67 |
| Romario Powell | $5,000.00 | $3,166.67 | $8,166.67 |
| Andrew Morgan | $5,000.00 | $3,166.67 | $8,166.67 |
| Mickel Kelly | $5,000.00 | $3,166.67 | $8,166.67 |
| Reynard Morris | $0.00 | $8,166.66 | $8,166.66 |
| Garey Mills | $5,000.00 | $3,166.67 | $8,166.67 |
| Garrick Robinson | $5,000.00 | $3,166.67 | $8,166.67 |
| Mario Teape | $5,000.00 | $3,166.66 | $8,166.66 |
| Craig Lynch | $5,000.00 | $3,166.66 | $8,166.66 |

Notably, Plaintiff Reynard Morris is paid differently than the others. The Parties agree that, after inspecting limited discovery, Mr. Morris was properly classified as exempt and earned well over the minimum wage. Thus, his portion of the Settlement Sum represents compensation for his discrimination claims only.

For the reasons described below, Plaintiffs, on behalf of the Parties, respectfully submit that the amounts and allocations, as well as all other terms, are fair and reasonable under the circumstances of this case.

## II.     The Agreement is Fair and Reasonable

FLSA claims may only be settled and dismissed under Rule 41 if they are approved by the Court. *Cheeks*, 796 F.3d at 206-07 (with prejudice); *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) (without prejudice). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.*

In evaluating the fairness of a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), which the Second Circuit has twice recently endorsed. See *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 413 (2d Cir. 2019). The *Wolinsky* factors consider: (a) the plaintiff's range of possible recovery; (b) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (c) the seriousness of the litigation risks faced

by the parties; (d) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (e) the possibility of fraud or collusion. See *Chen v. Xpres Spa at Terminal 4 JFK, LLC*, 2021 WL 4487835, at *4 (E.D.N.Y. Oct. 1, 2021)(Cogan, J.)(citing and applying *Wolinsky* factors). The parties submit that their settlements of Plaintiffs' FLSA claims are fair and reasonable based on an analysis of the *Wolinsky* factors.

### a. Range of Possible Recovery

Based on the eight Plaintiffs' collective records and estimated recollection that they were paid for some overtime but were still shorted approximately 5 hours each per week, and applying the two-year FLSA limitations period, *see* 29 U.S.C. §255(a), except as to Lynch to whom we apply one year because it is unclear if he worked in the limitations period at all, Plaintiffs' maximum FLSA compensatory damages together total $93,600, which amount can be doubled for liquidated damages to $$187,200[3]. *See* **Exhibit B.** Defendants continue to maintain that at all times they acted in good faith, paid Plaintiffs correctly, maintained accurate timesheet and payroll records, and therefore, do not owe Plaintiffs any wages.

Thus, even taking Plaintiffs' allegations and recollections as true, the range of recovery for their FLSA claims is between zero dollars and $187,200 (for eight Plaintiffs). As such, the net FLSA settlement amount for those eight Plaintiffs ($40,000.00 represents approximately 41% of the unpaid wages claimed to be owed, and 21.5% of those wages when liquidated damages are added), which is approximately Plaintiffs' best day recovery. The outcome here is therefore highly reasonable. *See Gervacio v. ARJ Laundry Servs. Inc.*, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019)(finding twenty percent of maximum recovery reasonable in light of circumstances); *Villanueva v. 179 Third Avenue Rest Inc.*, 2018 WL 4100479, at *2 (S.D.N.Y. Aug. 28, 2018)(finding "less than six percent of estimated maximum recovery" to be reasonable in light of the circumstances).

### b. Avoiding Burdens and Potential Risks of Litigation

Regarding the second and third *Wolinsky* factors, the Parties would have to engage in written discovery, complete party depositions, and draft and argue competing motions for summary judgment. Thereafter, the Parties would proceed to a trial on the merits of all of Plaintiffs' claims, a task that would have been daunting for both sides, as memories fade and witnesses move. At bottom, even if successful at the summary judgment and trial stages, Plaintiffs faced a difficult challenge in recovering a greater judgment than the Settlement Sum. Indeed, courts have recognized that discovery, continued litigation, and eventual trial practice

---

[3] A chart with the individual breakdowns for each Plaintiff is attached. However, because Plaintiffs will be receiving their proportionate share of the net settlement, the percentages of recovery will not change.

may "meaningfully decrease possible recovery for Plaintiff[s]." *Flores v. Mama Lombardi's of Holbrook, Inc*., 2015 WL 2374515, at *5 (E.D.N.Y. May 18, 2015). This settlement guarantees a resolution of this matter before the Parties expend the time, money and resources engaging in the foregoing. With litigation risks and expenses only expected to substantially rise for all parties in this matter, and likelihood of recovery greater now than ever hence, the Settlement Sum is fair and reasonable.

Additionally, this settlement resolves contested issues and is significant given the risks of continued litigation. It is fair given the disputes that exist, including whether: (1) Plaintiffs were overtime exempt; (2) the number of hours, if any, Plaintiffs worked beyond the hours recorded on their timesheets; (3) the proper measure of Plaintiffs' overtime damages; (4) the claimed inaccuracy of the timesheet and payroll records maintained by Defendants for the duration of Plaintiffs' employment; and (5) whether and to what extent liquidated damages should be awarded.

### c. *Arm's-Length Bargaining, No Fraud or Collusion, No Cheeks Admonishments*

As to whether the settlements are the product of arm's-length bargaining and are a reasonable, non-collusive resolution of the case, the settlement negotiations were protracted and concluded after many negotiations between counsel, being finalized at an all-day mediation, at which all of the Plaintiffs were present. The Parties were represented by competent and experienced counsel throughout the entire litigation and settlement process. There is no indication of fraud or collusion. *See, e.g. Romero v. La Revise Assocs., L.L.C*., 58 F. Supp. 3d 411, 420 (S.D.N.Y. 2014)("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement").

Furthermore, the Agreement does not contain any terms that would militate against the Court approving them. The Parties drafted the Agreement to remain consistent with the *Cheeks* admonishments. For instance, Plaintiffs have agreed to a general release of all claims alleged in the Action and an appropriately-limited non-disparagement clause, but only because they are receiving significant additional consideration pursuant to their discrimination claims. Likewise, the Agreement does not contain a confidentiality clause as to any aspect thereof that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Flood v. Carlson Restaurants Inc.*, 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015) citing *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177-78 (S.D.N.Y. Mar. 30, 2015); c.f. *Ezpino v. CDL Underground Specialists, Inc*., 2017 WL 3037483, at *2-3 (E.D.N.Y. June 30, 2017)(approving settlement agreement where it did not contain a confidentiality provision); *with Gonzalez v. Lovin Oven Catering of Suffolk, Inc.,* 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015)(citing *Cheeks*, 796 F.3d at 206 and declining to approve FLSA settlement containing a confidentiality provision).

### III.     The Requested Attorneys' Fees are Reasonable

In addition to assessing the reasonableness of the settlement amount, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015). When courts examine attorneys' fee awards in Rule 41 FLSA settlements, it is "to ensure that the interest of Plaintiff's counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

Here, the portion of the Settlement Sum attributable to attorneys' fees is $11,000.00, limited to 13% of the net Settlement Sum after reducing counsel's litigation expenses, and 27.5% of the FLSA portion of the settlement, even assuming the entire fee award were attributable to the FLSA claims, which it is not, it is still far less than the 33% that courts in this Circuit routinely approve. *See Cregg v. Firstservice Residential N.Y., Inc.,* Case No. 15-cv-3876-LB, Dkt. No. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015)(approving one-third attorneys' fees award as "the norm in this Circuit"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014)("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases setting attorneys' fees at one-third of the settlement).

Considering that the total fee award is significantly below the 33% standard, it should not be necessary to apply the lodestar method as a cross check. *See Fresno County Employees' Retirement Assoc.*, 925 F.3d at ("district courts should use the lodestar as a 'baseline' against which to cross-check a percentage fee"). Additionally, Plaintiffs' counsel seeks reimbursement for out-of-pocket litigation expenses in the amount of $1,000.00, comprised of the initial filing fee, service of process fees, postage, research, and PACER fees. Accordingly, Plaintiffs' counsel's request for a total of $12,000.00 is entirely reasonable.

### IV.     Conclusion

For the foregoing reasons, the Parties respectfully request that your Honor: (i) approve the settlement laid out in the Agreement; (ii) dismiss all remaining claims in the Action with prejudice; and (iii) retain jurisdiction to enforce the terms of the Parties' Agreement should that become necessary. A proposed order of dismissal is attached hereto as **Exhibit C**.

We thank the Court for its time and attention to this matter.

                                                  Respectfully submitted,
                                                  SCHWAB & GASPARINI PLLC

                                                  JAMES A. RESILA, ESQ.

CC:   *All parties via ECF*
       .