UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROSHANE POWELL, ROMARIO POWELL, :
ANDREW MORGAN, MICKEL KELLY, :
REYNARD MORRIS, GAREY MILLS, :       **ORDER**
GARRICK ROBINSON, MARIO TEAPE, and :
CRAIG LYNCH, on behalf of themselves, :    22 CV 3359 (VB)
individually, and on behalf of all others :
similarly-situated, :
               Plaintiffs, :

v. :

CHIEF FIRE PREVENTION & :
MECHANICAL CORP., and FRANK :
MITAROTONDA, individually, :
               Defendants. :
--------------------------------------------------------------x

    Plaintiffs bring claims against defendants for alleged violations of plaintiffs' wage-and-hour rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and an alleged hostile work environment in violation of the New York Human Rights Law ("NYSHRL"). On January 19, 2023, following an all-day mediation, the parties reached an agreement in principle to settle the named plaintiffs' individual claims.[1] On March 17, 2023, plaintiffs' counsel filed a settlement agreement (Doc. #44-1) and a statement explaining the basis of the settlement with respect to plaintiffs' FLSA claims (Doc. #44), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). In addition to Court approval of the FLSA settlement, the parties seek dismissal of this case with prejudice, pursuant to Rule 41(a)(2).

    In reviewing the proposed settlement agreement, the Court has considered the following factors:

    (i)    Of the $73,500 settlement amount to be paid to plaintiffs (exclusive of attorneys' fees and costs), $40,000 is attributed to plaintiffs' FLSA claims;

    (ii)    plaintiffs' position that the best possible recovery on their FLSA claims, assuming all disputed facts are resolved in plaintiffs' favor, would be $187,200, and that the $40,000 net settlement amount is "a highly reasonable" outcome (Doc. #44 at ECF 2);

    (iii)    all parties are represented by counsel;

---

[1] Former plaintiff Rory Brown did not agree to the settlement. By stipulation of all parties, so-ordered by the Court on February 2, 2023, Mr. Brown's claims were voluntarily dismissed without prejudice. (Doc. #41).

1

(iv)     the settlement was reached with the assistance of a court-appointed mediator;

(v)      the parties desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation;

(vi)     plaintiffs no longer work for defendants;

(vii)    the release is limited to employment-related claims accruing before plaintiffs executed the settlement agreement; and

(viii)   the non-disparagement clause permits plaintiffs to make truthful statements about this case.[2]

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are approximately 13% of the net settlement sum, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement is APPROVED and this action is dismissed with prejudice.

The Clerk is directed to terminate the pending motion (Doc. #44) and close this case.

Dated: March 24, 2023
         White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge

---

[2] The Court strongly prefers mutual non-disparagement clauses. However, because the non-disparagement provision allows plaintiff to make truthful statements, "the most critical element of a non-disparagement provision in a wage-and-hour settlement, it does not run afoul of the case law in this District with respect to non-disparagement clauses (many of which do approve one-way non-disparagement clauses as long as they have a carve out for truthfulness)." Mauricio v. Tiramisu Rest., LLC, 2022 WL 6806518, at *1 n.2 (S.D.N.Y. Sept. 30, 2022).